Scott, J.
The paymaster, by drawing and delivering the check in question, in payment of plaintiff’s voucher, .set apart and appropriated for the plaintiff’s use so. much of his funds in defendant’s hands as would be necessary for its payment. This act of appropriation the plaintiff conclusively ratified by bringing this action. The defendant also assented to this appropriation, by accepting his check, by assuming to pay it, and by claiming and receiving •credit from the drawer for its payment. '
By the act of acceptance, the defendant became bound to *6 pay to the plaintiff, or his order, the sum named in the. cheek; and for the breach of this obligation and implied promise, the plaintiff has a clear right of action. There.is no want of privity between the parties. On a promise-made on valuable consideration, by A. to B. to pay C. a sum of money, it is well settled that an action may bo maintained by C. against A. 7 Ohio St. 360; 3 Ohio St-549.
The clear duty of the bank was, either to decline accepting the check, or to comply with its direction by paying the money which it called for, to Frederick B. Dodge, or to his order.
It is claimed that the drawer of the check was in fault for not requiring the person who presented Dodge’s voucher to identify himself as Dodge; and that the plaintiff would have a right of action against him for this neglect of duty. Suppose this to be true, and that the plaintiff was not bound to regard the delivery of the check to a stranger having no authority to receive it, as a payment of hisyoueher; yet this was a question between the plaintiff and the paymaster only, with which the bank had no concern.. Wbat right has the bank to complain that the paymaster was derelict in a duty which he owed to Dodge?
This can be no justification of another and distinct breach of duty owing to the plaintiff, which was devolved on the bank, when it undertook to pay the check. Its duty was to pay the check to the plaintiff or his order only. Admitting that the plaintiff was not bound to sanction or ratify the act of delivery of the check to the stranger, yet he certainly might ratify that act, and thereby waive his right of action against the paymaster. The defendant here is not prejudiced by this waiver. The check was paid on the assumption that the party presenting it was rightfully in possession of it. And certainly, the defendant can not complain because the plaintiff, by his subsequent ratification, admits that fact. But the rightful possession of a cheek by no means carries with it or implies a right to *7 demand or receive payment of it, without the genuine indorsement of the person to whose order it is made payable.
The evidence which was introduced upon the last trial of this case in the court below, tending to prove that the bank learned, before payment of the check, that the party in possession of it had received it from the drawer, only tended to prove that the bank had a right to assume what the plaintiff here admits, to wit, the rightful possession of the check by the party presenting it for payment. But this would be no evidence of a right to receive its proceeds without the indorsement of the payee, and does not therefore change the aspect of the case from that in which it was heretofore considered by the supreme court.
Nor is it a valid ground of defense in this action that the defendant subsequently received credit in its settlement with the drawer for the amount of the check which the defendant claimed to have paid in accordance with its terms. "With that settlement the plaintiff had no concern. As to him, it was res inter alios acta. If this could have any effect on the plaintiff’s claim, it could only he in the way of strengthening and perfecting it; for it fully completed the conversion of the plaintiff’s check to defendant’s use, if that conversion was before incomplete. But it was just and proper that the drawer having notice that the plaintiff elected to hold the defendant responsible, should give it credit for the cheek which it had cancelled, and returned to him on settlement. And that it thus realized the full value of the check is surely no ground of exemption from liability to account therefor to the owner.
It is said, in argument, that the drawer of the check had no right to devolve upon the bank the burden and responsibility of identifying the payee named therein. We do not think the right of the absolute owner of a fund to direct to whom a check drawn upon it shall be paid, can be questioned. But, were it otherwise, the only result would be, that the drawee is not bouud to accept and honor the check. But if he do accept, and undertake to pay it, he must see to it, at his peril, that he pays according to the *8 terms of the order, and to the party named therein, or to one holding it under the genuine indorsement of such payee. But the claim that the drawer of a check can legally only make it payable to bearer, and that the drawee may, therefore, make payment, without inquiry, to any "party who presents it, although it is expressly made payable only to the order of a particular person, is, in our opinion, unsupported either by reason or- authority. Nor did the defendant in this case so understand its rights.
The paymaster, in drawing this check, used a printed form, with suitable blanks, and containing the words “ or bearer” after the space left for the insertion of the payee’s name. These words he erased, and substituted for them, in writing, the words “ or order.” The bank was thereby notified that, for some reason deemed important by the drawer, payment was not to be made without proof of identity. And the defendant must have so understood its duty. Eor its proper officers required the party presenting the check to identify himself'as the payee named therein.
He undertook to do so, and procured a person to make false statements on the subject. On these statements the defendant chose to rely, and was thereby deceived. But the plaintiff had no agency in this deception, and can not be held accountable for it. 'The bank relied on these representations at its own risk, and can not visit upon the plaintiff the loss arising from its misplaced confidence. And this is true, whether the defendant exercised the degree of caution which bankers usually do in such cases, or not. The question is, was the check paid to the party to whom, by its terms, it was made payable ?
With this question, the custom of bankers can have nothing to do ; and the evidence offered by "defendant, in the court below, to show the custom of banks, as to the mode of establishing the identity of the payee, was clearly incompetent, and should have been excluded.
It is claimed, further, by defendant, as a vital point in the case, that the drawer of the cheek inte'nded it to be paid to the person to whom he delivered it, and whom he *9 designated by the name of Frederick B. Dodge, because that was the name which he assumed when he presented the voucher for payment; and that the bank properly .paid-the check to the very person whom the drawer intended to designate by the name of Frederick B. Dodge. But, upon what evidence does this claim rest? The agreed .statement of facts shows that the plaintiff was the owner of the voucher in payment of which the cheek in question was drawn; that the-check was made payable to him or -his order, and that the check was paid by defendant, the •drawee, not to the plaintiff, but to a stranger, upon a false .and forged indorsement of the plaintiff’s name. This made a prima facie case, entitling the plaintiff to recover the amount.of the check. The conversation and transactions between the drawer of the check and the person to whom it was delivered, was no necessary part of the plaintiff’s ease. But the defendant had a right to show, if it •could, that the person to whom the check was delivered was, in fact, the person whom the drawer intended to designate by the name of Frederick B. Dodge.
For this purpose it might show the circumstances- under which the check was drawn, the representations of the .party to whom the check was delivered, and the action of the drawer thereupon, with his-accompanying declarations. But, as these circumstances and conversations between the •drawer and the person to whom the check was delivered, were whplly unknown to the defendant -when the check was paid, it bad no right to offer á part of tllém, and to insist upon the exclusion of another part.
Yet the court below admitted so much of the agreed .statement of facts, as showed that the person to whom the check was delivered, represented himself to be Frederick B. Dodge; but excluded so much of the same statement, as showed that the check was delivered to this per■son, only on his promise and assurance, that he could and would identify himself as Frederick B. Dodge at the bank.
We think the court below erred in admitting, for the benefit of the defendant, the evidence of a part of the *10 transactions between the drawer of the check and the person to whom it was delivered, and excluding all evidence of another part of the same transaction. The defendant had no right to show that the person to whom the check was delivered, represented himself to he Frederick B.. Dodge, the owner of the voucher, for which the paymaster-intended to make payment, and yet to exclude the evidence-of the further fact, that the drawer of the check refused to recognize him as the owner of the voucher, without proof of identity, and, for that reason, made the check payable only to the order of Frederick B. Dodge, the owner of the voucher. The defendant might have objected to any evidence of what occurred between the drawer of the check and the person to whom it was delivered, on the ground that payment was made in ignorance of such representations and conversations; but when defendant sought to-introduce such conversations and transactions as a justification of its payment to a wrong party, it had no right to-object to a showing of the whole of the transactions between the drawer and the person to whom it was delivered. In admitting the agreed statement as to part of such transactions, and excluding the same statement as to another important part of the same transactions, against the objection of the plaintiff, we think the court below erred.
Had the whole of the agreed statement on that subject been admitted in evidence, it would have shown that the drawer of the check intended that it should be paid only to the person who should identify himself as the payee named therein, or his indorsee. Had all of the agreed statement on that subject been excluded, then the duty of the drawee must depend solely upon the clear terms of the check, which required the payment to be made only to the order of the plaintiff.
We all concur in the opinion that the last trial of this case by the court below, has developed no new facts which can affect the merits of the ease as presented to the supreme eoui’t for adjudication, on the former petition in-error. And with the former adjudication upon the ques *11 tions then presented, and now renewed, we are fully satisfied, and deem it unnecessary to do more than refer to the authorities quoted in support of the judgment then rendered.
The judgment of the court of common pleas must be reversed and cause remanded.